IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 MAR 26 A 9 26

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| KENNETH RODRIQUEZ GAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 113-177 |
| ) | |
| INV. OFFICER KENNEDY, Narcotic ) | |
| Officer, ) | |
| ) | |
| Defendant. ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate at Charles B. Webster Detention Center in Augusta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING OF THE COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names Officer Kennedy as the lone Defendant in his complaint. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 10, 2013, Plaintiff was in his car when an informant sent by Officer Kennedy approached him and attempted to sell him marijuana. (Id. at 5.) Plaintiff refused, but when Officer Kennedy arrived on the scene the informant threw the drugs

into Plaintiff's car. (Id.) Plaintiff fled, but stopped and laid down on the ground when Officer Kennedy threatened to shoot him. (Id.) Officer Kennedy proceeded to jump on top of Plaintiff and hit Plaintiff in the head with his gun three times, after which Plaintiff was taken to the hospital for injuries to his head and knee. (Id.) Officer Kennedy also planted drugs on him, which resulted in criminal charges being filed against Plaintiff. (Id. at 6.) Plaintiff seeks money damages and requests that the charges against him be dropped. (Id.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to

2

relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claim that Officer Kennedy Planted Drugs on Him Is Barred Under Heck v. Humphrey.

Plaintiff's claim that Officer Kennedy planted drugs on him, resulting in criminal charges being brought against him, is barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven.[1] 512 U.S. 477, 486-87 (1994); see also Edwards v. Balisok, 520 U.S. 641, 645 (1997) (extending

---

[1] Although Plaintiff had not been convicted of any charges stemming from the alleged incident at the time he filed the instant complaint, the docket of the Superior Court of Richmond County, accessed at http://coc.augustaga.gov, indicates he has since pled guilty to three charges, including one for possession of cocaine.

3

Heck to certain types of due process challenges brought under § 1983). In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 512 U.S. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's incarceration is not cognizable under § 1983. Id.[2]

Here, Plaintiff requests that the criminal charges against him be dropped because Officer Kennedy planted drugs on him. (Doc. no. 6, p. 6.) Plaintiff does not, however, provide any indication that any of his convictions based on such charges have been invalidated. Furthermore, were Plaintiff's claim resolved in his favor, it would necessarily undermine any conviction by indicating that he was not guilty of at least one of the crimes with which he was charged. See Vickers v. Donahue, 137 F. App'x 285, 290 (11th Cir. 2005) (per curiam) (§ 1983 claim premised on officer providing false information in affidavit to secure an arrest warrant was barred by Heck because "the factual basis for [the plaintiff's] claim . . . inevitably undermine[s] his conviction"). Thus, Plaintiff's claim that Officer Kennedy planted drugs on him is barred by Heck and should be dismissed. 512 U.S. at 487; see also Johnson v. Chisholm, CV 409-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (pretrial detainee seeking injunctions of

---

[2] See also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (extending Heck to claims seeking declaratory or injunctive relief as well as monetary damages); Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

4

state criminal proceedings, dismissal of state charges, and immediate release failed to state a claim under § 1983 because sole remedy was habeas petition under 28 U.S.C. § 2241).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claim that Officer Kennedy planted drugs on him be **DISMISSED** without prejudice for failure to state a claim.[3]

SO REPORTED and RECOMMENDED this 26th day of March, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously issued Order, the Court is allowing Plaintiff to proceed with his excessive force claim against Officer Kennedy.

5