# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| KENNETH RODRIQUEZ GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-177 |
| | ) | |
| INV. OFFICER KENNEDY, Narcotic Officer, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. Accordingly, the Court **ADOPTS** the R&R of the Magistrate Judge as its opinion and **DISMISSES** without prejudice Plaintiff's claim that Officer Kennedy planted drugs on him for failure to state a claim.

Along with the R&R, the Magistrate Judge simultaneously issued an Order directing that service of process be effected on Officer Kennedy as to Plaintiff's sole remaining claim for use of excessive force. (Doc. no. 10.) However, Plaintiff's service copies of the Magistrate Judge's Order and R&R were returned as undeliverable and marked with a stamp indicating that Plaintiff is no longer incarcerated at Charles B. Webster Detention Center. (Doc. no. 11.) Thus, Plaintiff has failed to provide the Court with an address where he can be reached, saddling the Court with a stagnant case. In light of this new information, and for the reasons set forth below, the Court also

**DISMISSES** Plaintiff's excessive force claim against Officer Kennedy without prejudice and **CLOSES** this civil action.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases." Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. at 1240 (citing Fed. R. Civ. P. 41(b)); see also Rance v. Rocksolid Granit USA, Inc., 489 F. App'x 314, 316 (11th Cir. 2012) (*per curiam*) ("As part of its inherent authority to regulate its docket, a district court may *sua sponte* dismiss a case for failure to prosecute or failure to comply with court orders."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't., 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, the Magistrate Judge's Order of September 25, 2013 warned Plaintiff that failing to inform the Court of a change of address would result in dismissal of his case. (Doc. no. 3, p. 3.) Plaintiff's failure to comply with the terms of the Magistrate Judge's Order by notifying the Court of his new address amounts to a failure to prosecute and

2

an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff was granted permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not feasible, even if there were an address at which to serve notice of the imposition of sanctions.

However, the Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. Of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply dismissing this case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

SO ORDERED this 28th day of April, 2014, at Augusta, Georgia.

---
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute or to comply with a court order operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3